IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DAYRIN ROBINSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:12-CV-010-O-BL |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondents. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the court is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by petitioner Dayrin Robinson, an inmate currently confined in the Allred Unit of the Texas Department of Criminal Justice in Wichita Falls, Texas. Robinson's amended petition, filed February 2, 2012, challenges a plea deal that Robinson made with the State of Texas roughly sixteen years ago.[1]

## Background

In 1998, when he was fifteen years old, Robinson was charged by indictment with two counts of aggravated robbery, with a deadly weapon allegation, and a third count of aggravated robbery. *See Ex Parte Dayrin Lemond Robinson*, No. 10-10-00048-CR, 2010 WL 2629857 (Tex. App.—Waco, June 30, 2010, no pet.) (mem. op., not designated for publication). Robinson pleaded guilty to robbery and the state dismissed the deadly weapon allegation and the third count of aggravated robbery (Plea 1). *Id.* Robinson was sentenced to ten years' imprisonment, which was suspended with community supervision for ten years. *See id.*

---

[1] It is not entirely clear what factual predicate Robinson challenges in his instant petition. As expanded upon *infra*, the instant petition includes information relating to his original 1998 arrest and Plea 1, (Doc. 6, p. 2, 4), his 40 Years Conviction, (Doc. 6, pp. 3–4), and a prison disciplinary proceeding, (Doc. 6, pp. 5–6), among other events. The substantial majority of the instant petition, however, pertains to Robinson's Plea 1. (*See* Doc. 6, pp. 2, 7–8).

In 2001, Robinson was charged with three offenses in Ellis County: assault, marijuana possession, and evading arrest. *Id.* Robinson and the State entered into another plea bargain (Plea 2), whereby Robinson was sentenced to seven years' imprisonment and attendance at a boot camp. *Id.* When Robinson received satisfactory progress reports from boot camp, the trial judge granted Robinson's motion for probation following boot camp, placing Robinson on community supervision for seven years. *Id.*

In 2003, Robinson was again charged with aggravated robbery and underwent a trial by jury. *See Robinson v. Quarterman*, No. 3:07-CV-101-R, 2007 WL 2907870 (N.D. Tex. Oct. 4, 2007) (noting the indictment No. F-03-71644-T). The jury convicted Robinson and sentenced him to 40 years' imprisonment (40 Year Conviction). *See id.*

Those are the three factual predicates which Robinson could potentially attack through a petition for writ of habeas corpus: Plea 1, Plea 2, and the 40 Years Conviction. As noted, this Court construes the instant petition as attacking Plea 1.

## Discussion

In the years since his first run in with the law in 1998, Robinson has filed dozens and dozens of lawsuits in state and federal courts, complaining both of the conditions of his confinement (in the vein of a 42 U.S.C. § 1983 suit), and the fact and/or duration of his confinement (in the vein of suits pursuant to Tex. Code Crim. Proc. Arts. 11.07, 11.072, and 28 U.S.C. § 2254). Robinson's filings with the court are frequently styled "Petitions for Assembly" and read something like manifestos for a multitude of causes. (*See, e.g.*, Docs. 11, 15). Courts, accordingly, are tasked with interpreting the type of suit Robinson appears to be bringing.

In the instant case, Robinson has submitted several filings with the court, many of which are wholly unintelligible or irrelevant. For example, Robinson filed four unrelated documents together and styled them "Exhibits." (*See* Doc. 14). One of these exhibits is an internal

maintenance request form for the TDCJ Offender Telephone system. *Id.* at 2. Another filing purports to be evidence of exhaustion of remedies for another inmate, Demorric Burr, whom Robinson hopes to add to an unformed class of inmates. (Doc. 15). Robinson frequently styles himself the "Supreme Being of Texas," and signs his filings "Jesus Christ." *See, e.g.*, *id.*

Even liberally construed, Robinson's pleadings do not present a cognizable basis for federal habeas relief. *See* 28 U.S.C. § 2254 (providing for federal habeas relief on behalf of a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *see also Robinson v. Stephens*, No. 3:14-CV-3948-N-BK (N.D. Tex., Dec. 29, 2014) (unpublished) (finding, in part, no cognizable basis for habeas relief). Robinson's assertions, for example, that a criminal defense attorney sold him to the State for $820.00 lack any legal or factual basis and, thus, are frivolous. *See* Doc. 6, p. 7; Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

In the instance where Robinson appears to seek habeas relief, discerning a trail backward from the complaint to decipher which factual predicate Robinson is contesting is exceedingly difficult. It is even more difficult to determine what particular issues within the factual predicate Robinson might be complaining about. As both state and federal courts have observed, Robinson's filings are "completely unclear" and repeatedly "inadequate in several respects." *Robinson v. Obama*, No. 5:14-CV-180, Doc. 5; *Ex Parte Robinson*, 2010 WL 2629857.

What is clear, however, is that at least one of Robinson's habeas claims challenging the validity of his 40 Years Conviction was decided and denied on the merits by a court within this judicial district. *See Quarterman*, 2007 WL 2907870.

As noted, the 40 Years Conviction occurred chronologically after Robinson's Plea 1 and Plea 2. In his habeas petition attacking the 40 Years Conviction, Robinson could have included

challenges to his Plea 1 and Plea 2. *See, e.g.*, *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).[2] He failed to do so.[3]

> The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, a later petition is successive when it raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. . . . When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this court to consider the petition.

*Sheppard v. Stephens*, No. 7:13-CV-142-O-BL, 2014 WL 463550 (N.D. Tex. Feb. 4, 2014) (citing *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009), *Crone*, 324 F.3d at 836–37, and 28 U.S.C. § 2244(b)(3)(A)); *accord In re Cain*, 137 F.3d at 235 ("a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.").

Because the claims Robinson now raises about Plea 1 existed when he filed his first habeas petition, his present claim is successive to his first. Successive petitions implicate this court's jurisdiction. *See Crone*, 324 F.3d at 836–37; *United States v. Key*, 205 F.3d 773–74 (5th Cir. 2000) ("§ 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one.").

---

[2] The court does not decide today whether Robinson may challenge his Pleas 1 and 2 with a writ of habeas corpus. Traditionally, a defendant who pleads guilty and enters a plea deal waives the right to attack the plea, even with a habeas petition, except in the unique circumstance where a petitioner claims ineffective assistance of counsel in the plea deal negotiation itself. *See generally U.S. v. Moulder*, 141 F.3d 568 (5th Cir. 1998); *U.S. v. White*, 307 F.3d 336 (5th Cir. 2002). That situation is not present here.

[3] Of the numerous state habeas petitions Robinson has filed, several attempt to attack his plea deals. Courts have repeatedly dismissed on the grounds that Robinson's community supervision was never revoked. *See, e.g.*, *Ex Parte Robinson*, 2010 WL 2629857; *Ex Parte Dayrin Lemond Robinson*, No. WR-56,391-05 (Tex. Crim. App. 2008) (unpublished) (detail available at http://www.search.txcourts.gov/Case.aspx?cn=WR-56,391-05&coa=coscca).

The merits of Robinson's habeas request pertaining to the 40 Years Conviction were considered and denied. The grounds for relief set forth in the instant petition occurred prior to the filing of Robinson's earlier petition and should have been raised there. This court, accordingly, lacks jurisdiction to hear Robinson's claims today. *See Crone*, 324 F.3d at 836–37; *Key*, 205 F.3d at 773–74.

Finally, in the unlikely event Robinson challenges his 40 Years Conviction, his petition is successive for the reasons discussed *supra*. *See Robinson v. Stephens*, No. 3:14-CV-3948-N-BK (denying Robinson's habeas petition, partly, as successive).

## **Conclusion**

For the foregoing reasons, it is **RECOMMENDED** that the petition for writ of habeas corpus be **DISMISSED** as it does not present a cognizable basis for federal habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, to the extent Petitioner challenges his Plea 1, it is **RECOMMENDED** the petition be **DISMISSED** without prejudice for lack of jurisdiction because Petitioner has not obtained authorization to file a successive habeas petition from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(1) and (3).

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and

recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated this 6th day of January, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**